## WILKINS v. GRANT et al., executors.

1. The evidence, while conflicting, sustained the verdict.

2. Complaints in a motion for a new trial that the verdict is contrary to specified portions of the charge of the court are in effect complaints that the verdict is contrary to law.

3. In an action for damages to a building, brought by the owner thereof against an independent contractor, in which it was alleged that on account of the negligence of the defendant, in making excavations on land adjoining the plaintiff's building, the plaintiff's land was not given the proper lateral support, in consequence of which the wall of the building collapsed, it was not error for the court, in charging as to the provisions of the Civil Code, § 3048, to instruct the jury that it was the duty of the defendant to use ordinary care to sustain " the land " of the plaintiff, without instructing them in the same

connection as to the duty of the plaintiff to protect the superincumbent weight
of the building.

Argued July 9, — Decided August 13, 1903.

Action for damages. Before Judge Reid. City court of Atlanta.
January 17, 1903.

*Ellis, Wimbish & Ellis,* for Wilkins.
*Slaton & Phillips,* contra.

CANDLER, J.  Grant sued Wilkins, in the city court of Atlanta,
for damages to a building owned by the former.  Pending the ac-
tion Grant died, and his executors were made parties plaintiff to
the suit.  Wilkins was an independent contractor, engaged in the
construction of a building on property adjoining that of Grant, and
in laying the foundations for the building he caused a ditch several
feet deep and several feet wide to be dug alongside and near the
wall of Grant's building.  It was alleged in the petition that this
ditch was dug in a negligent manner, and that proper support was
not given to the adjacent land so as to support Grant's wall, as a
result of which the wall of Grant's building on the side nearest the
excavations gave way, and he sustained damages in the sum sued
for.  It was also alleged that the defendant was negligent in fail-
ing to give the plaintiff notice of his intention to make the excava-
tions, so as to give him an opportunity to protect the walls of his
building.  The defendant in his answer denied all the allegations
of negligence in the petition, averred that the plaintiff had ample
notice of the intention to make the excavations, and set up that
the collapse of the plaintiff's wall was due to its inherent weakness
and defective construction.  The amount sued for was $3,000.  The
jury found for the plaintiff $1,000: the defendant made a motion
for a new trial, which was overruled, and he excepted.

On all the disputed issues of fact the evidence was conflicting,
but was ample to support the finding of the jury.  In several
grounds of the motion for a new trial complaint is made that the
verdict was contrary to specified portions of the charge of the
court.  As has been repeatedly ruled by this court, such assign-
ments of error will be treated merely as general complaints that
the verdict is contrary to law.  *Pomeroy* v. *Gershon*, ante, 521.
Practically the only point made by the motion that need be con-
sidered here is that made in several different grounds, to the effect

that the court erred in charging, in accordance with the Civil Code, § 3048, that it was the duty of Wilkins to exercise ordinary care to sustain the "land of Mr. Grant," without explaining or defining the word "land" as it relates to adjoining soil, "or the duty of an adjoining landowner who does not hold under a common grantor to take reasonable precautions to protect his own land burdened with superincumbent weight." It appears that the charge of the court on this subject was substantially in the language of the code section to which we have referred; and it does not appear that any written request was made for special instructions modifying the application of the section to the peculiar facts of this case. On this point the case of *Bass* v. *West*, 110 *Ga.* 698, is controlling. In that case, as in this, the defendant, in excavating for foundations for a building, was alleged to have caused the plaintiff's building to collapse. The court, on page 701, in discussing this code section, said, that, "even after notice given, it was incumbent on the defendant to have used ordinary care in the prosecution of the work, and to have taken reasonable precautions to prevent the plaintiff's wall from falling." In the present case the court fairly presented to the jury the duty of Grant to use ordinary diligence to safeguard his building, if the jury should find that he had been notified of the intention to make the excavations, and charged that it was the duty of Wilkins to use ordinary care to sustain "the land of Mr. Grant." Certainly Wilkins could not have asked a more favorable charge; for under it the jury might well have inferred that if Wilkins took ordinary precautions to sustain the land, regardless of the superincumbent weight, and the collapse of the wall was due to that superincumbent weight, the defendant would not be liable. We find no error prejudicial to the defendant in the charges of the court to which exception is taken, or in any other ruling complained of in the record.

A cross-bill of exceptions was filed by the plaintiff to certain rulings of the court on the trial; but as the judgment on the main bill is affirmed, the writ of error on the cross-bill will be dismissed.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. By four Justices. Cobb, J., disqualified.*